IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| BERNARD DEUNDRE HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-075 |
| | ) | |
| STATE DEPARTMENT OF | ) | |
| CORRECTIONAL; WARDEN MR. | ) | |
| JACKSON; MR. RICKY WILCOX; | ) | |
| INMATE LONNIE TERREL BROWN; LT. | ) | |
| MS. HARRIS; UNITE MANGER MS. | ) | |
| HUNT; UNITE MANGER MS. FORSTER; | ) | |
| SGT MS. APRIL BROWN; SGT. | ) | |
| EARL WRIGHT; SGT MS. JONES; LT. MS. | ) | |
| CHAMBERS; WARDEN MS. KEITH; and | ) | |
| SGT MR. GAINS, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Telfair State Prison in Helena, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.    **SCREENING THE COMPLAINT**

A.    **BACKGROUND**

In his complaint, Plaintiff names as Defendants: (1) State Department of Correctional, (2) Warden Mr. Jackson, (3) Mr. Ricky Wilcox, (4) Lonnie Terrel Brown, (5) LT. Ms. Harris, (6) Unite Manger Ms. Hunt, (7) Unite Manger Ms. Forster,[1] (8) SGT Ms. April Brown, (9) SGT Earl Wright, (10) SGT Ms. Jones, (11) LT Ms. Chambers, (12) Warden Ms. Keith, and (13) SGT Mr. Gaines. (Doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On July 5, 2024, Defendant Wright assigned a "tran/homo/gay" inmate, Defendant Lonnie Terrel Brown, to Plaintiff's cell because Defendant Wright did not know where else to house him. (Id. at 5.) Plaintiff and Defendant Lonnie Brown "had a couple of words" because Plaintiff did not want Defendant Lonnie Brown to stay in his cell. (Id. at 5, 7.) Nonetheless, Plaintiff let Defendant Lonnie Brown stay in his cell because Plaintiff did not want to get "spray[ed] [or] get a cha[rg]e." (Id. at 5.) About four days later, Plaintiff and Defendant Lonnie Brown had another argument because Defendant Lonnie Brown stated he would "rather be around his kind of people." (Id.)

After yard call on July 10, 2024, "thing[s] change[d]," and "[were] diff[er]ent," between Plaintiff and Defendant Lonnie Brown. (Id. at 5, 7.) That day, Defendant Lonnie Brown pulled a knife on Plaintiff. (Id.) Plaintiff tried to grab the knife, and while the two struggled over the knife on the floor, Defendant Lonnie Brown bit the left portion of Plaintiff's bottom lip off. (Id.) Plaintiff is now missing this part of his lip and talks differently. (Id. at

---

[1] Plaintiff describes Defendants Hunt and Forster's titles as "Unite Manger," though the Court presumes he means "Unit Manager." (See doc. no. 1, pp. 1, 4.)

2

7.) Plaintiff received stitches from medical for his injury. (Id.) Plaintiff seeks monetary and equitable relief. (Id. at 6.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555,

3

557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

>    **2.  Plaintiff Fails to State a Claim Against Defendants State Department of Correctional, Jackson, Wilcox, Harris, Hunt, Forster, April Brown, Jones, Chambers, Keith, and Gaines**

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). While Plaintiff names Defendants State Department of Correctional, Jackson, Wilcox, Harris, Hunt, Forster, April Brown, Jones, Chambers, Keith, and Gaines in the caption of his complaint, Plaintiff does not mention them anywhere in the statement of his claim nor does he make any allegations associating Defendants with any purported constitutional violations. (See generally doc. no. 1.) Dismissal of these eleven Defendants is therefore appropriate. See Douglas, 535 F.3d at 1321-22.

Moreover, to the extent Plaintiff intends to name the Georgia Department of Corrections ("GDOC") by naming "State Department of Correctional" as a Defendant, Plaintiff's claim fails because the GDOC is not subject to liability in a § 1983 suit. "The

4

Eleventh Amendment insulates a state from suit brought by individuals in federal court, unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984)).  Arms or agencies of the state are also immune from suit.  Alabama v. Pugh, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit."); Stevens, 864 F.2d at 115 (Eleventh Amendment bars suit against GDC); Bailey v. Silberman, 226 F. App'x 922, 924 (11th Cir. 2007) (*per curiam*) ("Neither a State nor its agencies may be sued as a named defendant in federal court absent the State's consent.").  Because the State of Georgia has sovereign immunity against Plaintiff's § 1983 claims, and Defendant State Department of Correctional is an agency of the state, it should be dismissed from this case.

### 3.    Plaintiff Fails to State a § 1983 Claim Against Defendant Lonnie Brown

Plaintiff fails to state a viable § 1983 claim against Defendant Lonnie Brown because he is an inmate and not a state actor.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted).  Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  Id. at 49 (internal quotation marks and citation omitted).  A private person is only viewed as acting under color of state law if "there is such a close nexus between

the State and the challenged action that seemingly private behavior" may be fairly attributed to the State. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001) (internal quotations and citations omitted). Plaintiff has failed to allege any such nexus, and thus, any federal claim against Defendant Lonnie Brown must be dismissed. See Mosley v. Medlin, CV 313-086, 2014 WL 3110027, at *6 (S.D. Ga. July 7, 2014) (dismissing § 1983 claim against fellow inmate where no nexus alleged between State and challenged action); Thomas v. Thomas, CV507-77, 2008 WL 80305, at *1 (S.D. Ga. Jan. 7, 2008) (same).

  **4.**   **Plaintiff Fails to State a Valid Failure to Protect Claim Against Defendant Wright**

A prison official may violate an inmate's Eight Amendment right by acting with 'deliberate indifference' to a substantial risk of serious harm or disregarding a such a risk. Farmer v. Brennan, 511 U.S. 825, 828 (1994) (citations omitted). Accordingly, a prison inmate has a constitutional right to be protected from violence and from physical assault by other inmates. Harmon v. Berry, 728 F.2d 1407, 1409 (11th Cir. 1984) (*per curiam*); Gullatte v. Potts, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981). When officials become aware of a threat to an inmate's health and safety, the Eighth Amendment imposes a duty to provide reasonable protection. Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (*per curiam*). However, "[t]his does not mean that the constitutional rights of inmates are violated every time a prisoner is injured. It would not be reasonable to impose such an absolute and clearly unworkable responsibility on prison officials." Gullatte, 654 F.2d at 1012. "[T]here must be at least some allegation of a conscious or callous indifference to a prisoner's rights" that would raise the tort to the level of a constitutional violation in order to state a section 1983 cause of

action against prison officials for cruel and unusual punishment.  Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982) (citations omitted).

"Although 'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners,' not every instance of inmate on inmate violence 'translates into constitutional liability for prison officials responsible for the victim's safety.'"  Terry v. Bailey, 376 F. App'x 894, 895 (11th Cir. 2010) (*per curiam*) (citing Farmer, 511 U.S. at 833-34).  To establish an Eighth Amendment claim, a prisoner "must allege facts sufficient to show (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."  Lane v. Philbin, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal quotations omitted).  These three elements are evaluated in part by an objective standard and in part by a subjective standard.  See Caldwell v. Warden, FCI Talladega, 748 F.3d 1090, 1099 (11th Cir. 2014).

> As the Eleventh Circuit explained,
>
> When examining the first element—a substantial risk of serious harm—the court uses an objective standard.  The second element—the defendant's deliberate indifference to that risk—has two components: one subjective and one objective.  To satisfy the subjective component, a plaintiff must produce evidence that the defendant actually (subjectively) kn[ew] that an inmate [faced] a substantial risk of serious harm.  To satisfy the objective component, a plaintiff must produce evidence that the defendant disregard[ed] that known risk by failing to respond to it in an (objectively) reasonable manner.

Id. (internal citations and quotations omitted).

Mere negligent failure to protect an inmate from an attack does not justify § 1983 liability.  Brown, 894 F.2d at 1537.  Stated otherwise, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk.  Farmer, 511 U.S. at 835-39; see also Adams v. Poag,

7

61 F.3d 1537, 1543 (11th Cir. 1995) (requiring a plaintiff to show "more than mere negligence," and stating that courts are to look for "obduracy and wantonness, not inadvertence or error in good faith.").

Plaintiff has not alleged Defendant Wright consciously disregarded a specific, personal, serious, and imminent risk. Although Plaintiff expressed discomfort with Defendant Lonnie Brown staying in his cell and states he and Defendant Lonnie Brown "had words" on several occasions, nowhere does Plaintiff allege Defendant Lonnie Brown created a specific threat or risk of harm to Plaintiff's physical safety prior to the July 10, 2024, incident. (See doc. no. 1, pp. 5, 7.) Indeed, Plaintiff's description of the knife attack illustrates that the attack was unprovoked and without warning, as Plaintiff notes "thing[s] change[d]," (id. at 5), and "thing[s] [were] diff[er]ent," (id. at 7), on July 10, 2024. Thus, Plaintiff does not allege a specific threat of violence made against him at all, much less one that constituted "a substantial risk of serious harm." Lane, 835 F.3d at 1307.

Plaintiff also has not alleged Defendant Wright actually (subjectively) knew Plaintiff faced a substantial risk of serious harm, let alone that he disregarded any such known risk. Although Plaintiff alleges Defendant Wright brought Defendant Lonnie Brown to Plaintiff's cell because Defendant Wright did not know where else to house him, (doc. no. 1, pp. 5, 7), Plaintiff does not allege that Defendant Wright actually knew housing him with Plaintiff posed a risk of harm to Plaintiff, much less a substantial one, (see generally id.). Plaintiff alleges no facts to suggest Defendant Wright was even aware that Plaintiff and Defendant Lonnie Brown had argued prior to the July 10th attack, nor does he allege Defendant Wright had any awareness that Defendant Lonnie Brown could have been violent towards Plaintiff. (See generally id.) Accordingly, Plaintiff fails to establish Defendant Wright subjectively knew of

8

and disregarded a substantial risk of serious harm to Plaintiff. Thus, Plaintiff has not alleged a viable failure to protect claim against Defendant Wright.

### 5. Plaintiff Fails to State a Valid Claim for Conditions of Confinement Based on Being Housed with an LGBTQ+ Inmate

"[T]he Constitution does not mandate comfortable prisons." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (citing Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). Rather, the Eighth Amendment requires that prisoners are afforded adequate food, clothing, shelter, and medical care, and prison officials must take reasonable measures to ensure prisoner safety. Farmer, 511 U.S. at 832. However, "inmates cannot expect the amenities, conveniences and services of a good hotel." Alfred v. Bryant, 378 F. App'x 977, 980 (11th Cir. 2010) (*per curiam*).

Under the Eighth Amendment, challenges to conditions of confinement are subject to a two-part analysis. Chandler, 379 F.3d at 1289. First, Plaintiff must satisfy an objective prong by showing the conditions about which he complains are sufficiently serious. Id. The conditions of his confinement must be "extreme" such that it "poses an unreasonable risk of serious damage to his future health or safety." Id.; see also Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010) (*per curiam*); Ivory v. Warden, 600 F. App'x 670, 676-77 (11th Cir. 2015) (*per curiam*). "The risk must be 'so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" Redding v. Georgia, 557 F. App'x 840, 843 (11th Cir. 2014) (*per curiam*) (citing Helling v. McKinney, 509 U.S. 25, 33 (1993)). "[I]f prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.'" Turner v. Warden, GDCP, 650 F. App'x 695, 701 (11th Cir. 2016) (*per curiam*) (quoting Rhodes, 452 U.S. at 347).

Second, Plaintiff must satisfy a subjective prong by showing that Defendant Wright acted with a culpable state of mind, which is judged under a "deliberate indifference" standard. Chandler, 379 F.3d at 1289. "Proof of deliberate indifference requires a great deal more than does proof of negligence." Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013). The prison official must know of and disregard an "excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. In other words, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." Id.

To the extent Plaintiff alleges a conditions of confinement claim based on being housed with a gay and/or transgender inmate, Plaintiff fails to establish this arrangement constitutes a condition so "extreme" that it "poses an unreasonable risk of serious damage to his future health or safety." Chandler, 379 F.3d at 1289; see also Quintanilla v. Bryson, 730 F. App'x 738, 746 (11th Cir. 2018) (*per curiam*) ("Conditions are objectively serious or extreme if they amount to a deprivation of the 'minimal civilized measure of life's necessities,' or 'the basic human needs,' including 'reasonably adequate food, clothing, shelter, and sanitation.'" (citations omitted)). Although Plaintiff expressed discomfort with this arrangement because he is not "gay/homo/tran," (doc. no. 1, p. 5), living in a cell with an inmate of another sexual orientation and/or gender identity does not deprive Plaintiff of "basic human needs" or otherwise deprive him of the "minimal civilized measure of life's necessities." Quintanilla, 730 F. App'x at 746 (internal quotations omitted).

Moreover, to the extent Plaintiff alleges a conditions of confinement claim against Defendant Wright for bringing Defendant Lonnie Brown to be housed in Plaintiff's cell, Plaintiff does not demonstrate Defendant Wright was deliberately indifferent to any substantial

risk. As described above, although Defendant Wright stated there was nowhere else to place Defendant Lonnie Brown, (doc. no. 1, p. 5), Plaintiff does not allege Defendant Wright subjectively knew housing Defendant Lonnie Wright in Plaintiff's cell posed a specific, substantial threat to Plaintiff, (see generally id.); see also Fleming v. Fed. Bureau of Prisons, No. 4:21-cv-325, 2022 WL 1005069, at *9-10 (N.D. Fla. Feb. 22, 2022) (reasoning defendant's awareness prisoner plaintiff did not want to be housed with transgender inmate was insufficient to establish deliberate indifference in Bivens action rejecting Eighth Amendment conditions of confinement claim), *adopted in part, rejected in part on other grounds*, 2022 WL 1003184 (N.D. Fla. Apr. 4, 2022). Accordingly, Plaintiff does not establish Defendant Wright knew of and disregarded a substantial risk towards Plaintiff.

In sum, Plaintiff fails to state a valid conditions of confinement claim against any Defendant based on his cellmate assignment.

### 6.  Plaintiff Fails to State a Claim for Deliberate Indifference to a Medical Need

To state a claim for deliberate indifference to a serious medical need, Plaintiff must allege that: (1) he had a serious medical need –the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas, 614 F.3d at 1317 n.29 (explaining that in addition to objective and subjective components of Eighth Amendment claim, a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim). In particular, the plaintiff must first demonstrate he suffered a "objectively, sufficiently serious" deprivation. Wade v. McDade, 106 F.4th 1251, 1262 (11th Cir. 2024) (*en banc*) (citing

Farmer, 511 U.S. at 834).  To satisfy the objective component regarding a serious medical need, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)).

After this initial threshold question, the plaintiff must also demonstrate a defendant acted with "subjective recklessness as used in the criminal law" by showing a defendant was "actually, subjectively aware [her] own conduct caused a substantial risk of serious harm to the plaintiff," but even if she knew of that substantial risk, she is not liable under the Eighth Amendment "if [s]he responded reasonably to the risk."  Wade, 106 F.4th at 1262 (citing Farmer, 511 U.S. at 839, 844-45).  Mere allegations of negligence or malpractice do not amount to deliberate indifference.  Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999); Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); see also Palazon v. Sec'y for Dep't of Corr., 361 F. App'x 88, 89 (11th Cir. 2010) (*per curiam*) (requiring more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law" to establish deliberate indifference claim).  In addition, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment."  Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).  The Eighth Amendment does not mandate that the medical care provided to the prisoner be "perfect, the best obtainable, or even very good."  Harris, 941 F.2d at 1510 (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)).

Here, even if the Court assumes Plaintiff's lip injury satisfies the serious medical need requirement, Plaintiff does not satisfy the subjective component.  Although Plaintiff vaguely

12

alleges "rep[or]ting [his] [injury] to staff without [staff] doing anything at the time," (doc. no. 1, p. 9), nowhere does he allege any facts regarding the state of mind of the individuals to whom he informed of his injuries, much less does he identify this individual or individuals, (see generally id.). Thus, Plaintiff makes no allegation that any named Defendant was aware of Plaintiff's need for medical attention at all, as Plaintiff's complaint provides no information whatsoever regarding who he informed about his condition. Accordingly, Plaintiff fails to allege whether any Defendant knew his or her conduct in failing to respond to Plaintiff's injuries appropriately created a substantial risk of harm to Plaintiff because he does not connect any Defendant with this claim.

Furthermore, despite ambiguously alleging a lack of medical attention "at the time," (id. at 9), Plaintiff's complaint reveals he ultimately received medical treatment following the incident and received stitches for his lip, (id. at 7). Plaintiff reports part of his bottom lip is still missing, and he has difficulty speaking. (Id. at 5.) However, he does not allege these issues are the result of any negligent, much less deliberately indifferent, medical treatment by a Defendant. (See generally id.) Rather, Plaintiff merely states he continues to suffer from these issues without connecting them to any Defendant's actions. In other words, though he continues to experience effects from his lip injury, Plaintiff makes no allegation that any Defendant acted inadequately or otherwise failed to render appropriate medical care to him.

In sum, Plaintiff fails to allege a valid deliberate indifference to a medical need claim because he does not satisfy the subjective element.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of January, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA